the cisterns, leaving 433 gallons unaccounted for, except on the hypothesis of their removal to the rectifying establishment.

THE COURT, in charging the jury, cited the sections of the law applicable to the case, and said that to prove a conspiracy, such as charged, it was simply necessary for the jury to be satisfied that the defendants were acting in concert, or with a mutual understanding, for the purpose of preventing the spirits from being inspected and branded according to law, or for effecting their removal, without being inspected and branded according to law, to a place other than a bonded warehouse.

After the jury had retired, Assistant District Attorney Bell moved that the defendants be remanded to the custody of the marshal to await the result of the verdict.

This motion was opposed by Mr. Fullerton, counsel for the defendants, who argued that the defendants were out on bail, and were entitled to their liberty until the case was finally disposed of.

Mr. Bell held that the condition of the bail bond was fulfilled, and that whether that was so or not it was the universal practice in this district for the court to remand the defendants to the custody of the marshal after the case had gone to the jury.

THE COURT refused to grant the motion, and thereupon the defendants took their departure.

The jury returned a verdict of guilty against all the defendants but Jacob Hess, who was acquitted.

On Thursday Hartman and Fleischauer appeared in court, the latter having disappeared with the other defendants, except Hartman, since the verdict was rendered. Sulzberger and Strauss were called and their bail forfeited for non-appearance. Hartman and Fleischauer were then arraigned for judgment. Counsel for defendants presented to the court testimonials of Fleischauer's good character and also depositions of Jacob Hess and Fleischauer to the effect that the latter had no connection with, intention or knowledge of the removal, if any had been made, of spirits from the distillery.

THE COURT in passing sentence said substantially that the penalty incurred by the defendant was a fine of not less than $1,000 and not exceeding $10,000 and two years' imprisonment, at the discretion of the court. It was the duty of the court and all those engaged in the administration of the law to carry out its provisions, and by that means to suppress the demoralization that existed, and create a healthy public opinion in its stead. In the case of Fleischauer the conviction should stand against him, but the sentence should be suspended and remain in force to be hereafter, if found necessary, enforced at any time, should the defendant transgress the law. The case of Charles Hartman was different. The sentence of the court in his case should be a fine of $5,000

and ten days' imprisonment, and to be further detained in custody until the fine shall be paid. Hartman was then removed to prison and Fleischauer released.

## Case No. 16,416.

### UNITED STATES v. SUMMERS.

[4 Cranch, C. C. 334.] [1]

Circuit Court, District of Columbia. Oct. Term, 1833.

CRIMINAL LAW—PEREMPTORY CHALLENGES.

Peremptory challenge allowed, upon an indictment for stealing a slave, in Alexandria, D. C.

Indictment for stealing a slave, the property of Mrs. Jenkins, under the Virginia statutes of December 17, 1792, p. 190, § 29, and January 25, 1799, p. 387, making it a felony punishable by death without benefit of clergy; and the penitentiary act of congress, § 14, changing the punishment from death to penitentiary confinement and labor (4 Stat. 448).

A question was made whether he had a right to peremptory challenge, under the Virginia law of the 13th of November, 1792, p. 103, § 8.

THE COURT (THRUSTON, Circuit Judge, contra) allowed the peremptory challenge.

Verdict, not guilty.

But see U. S. v. Hall, at May term, 1843 [unreported].

UNITED STATES v. SUMMERS. See Case No. 14,820.

UNITED STATES v. The SUN. See Case No. 13,612.

## Case No. 16,417.

### UNITED STATES v. SUNBERG.

[Cited in U. S. v. Curtis, 16 Fed. 189. Nowhere reported; opinion not now accessible.]

## Case No. 16,418.

### UNITED STATES v. SUNDRY BOXES OF HAVANA SUGAR.

[2 Bond, 342.] [2]

District Court, S. D. Ohio. Feb. Term, 1870. [3]

CUSTOMS DUTIES — UNDERVALUATION — RIGHTS OF INNOCENT PURCHASERS.

1. Where property subject to duty is imported into the United States at a fraudulent undervaluation, a bona fide purchaser before the government has instituted any proceedings, or made its election to proceed in rem for a forfeiture, or to sue for the value of the property, obtains a good title, unaffected by the fraud in the entry.

2. The government, in such case, has no lien on the property in the possession of such purchaser, for the deficiency in the duty paid.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

[3] [Affirmed by the circuit court; case unreported.]